UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

ANTIONETTE C. TAYLOR                                                    Plaintiff

v.                                                    Civil Action No. 3:25-cv-583-RGJ

FAMILY HEALTH CENTERS, INC.,                                          Defendants
ET AL.

\* \* \* \* \*

**MEMORANDUM OPINION & ORDER**

Plaintiff Antionette C. Taylor's ("Taylor") filed a complaint *pro se* asserting employment discrimination claims against ten different Defendants: Family Health Centers, Inc ("FHC"); FHC employees Samantha Davis ("Davis"), Patricia Fulkerson ("Fulkerson"), Margretta Egbert ("Egbert"), Jennifer Green ("Green"), and Cynthia Cox ("Cox") (collectively, "FHC employees"); CHC Alliance LLC ("CHC") and CHC CEO Meric Cavanaugh ("Cavanaugh") (collectively, "CHC Defendants"); Louisville Metro Department of Public Health and Wellness ("LMPHW"); and Louisville Metro Civil Service Board ("LMCSB"). [DE 1]. The FHC employees, CHC Defendants, and LMPHW each filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6). [DE 6; DE 7; DE 9]. Taylor subsequently responded to the motions to dismiss [DE 14] and filed a motion for leave to amend the complaint under Fed R. Civ. P. 15(a)(2). [DE 17].[1] For the reasons below, the Court **GRANTS** Taylor's motion for leave to amend the complaint [DE 17] and **DENIES WITHOUT PREJUDICE** Defendants' motions to dismiss the complaint. [DE 6; DE 7; DE 9].

---

[1] Only the CHC Defendants have filed a reply in support of their motion to dismiss. [DE 21]. In their reply, they note that if Taylor is granted leave to file the amended complaint, "CHC and Cavanaugh will move to dismiss the claims alleged against them contained therein." [*Id.* at 315 n.1]. No other Defendants have opposed—or even acknowledged—Taylor's motion for leave to file an amended complaint.

# I.    BACKGROUND

Taylor asserts various claims for age and race-related employment discrimination arising out of her former employment with FHC. [DE 1 at 4]. She alleges that FHC denied her opportunities and benefits while affording those same benefits to non-African American employees and to younger employees. [*Id.* at 10-11, 15-16]. For example, she alleges that FHC prohibited her from working from home, denied her weekly administrative time, denied her training opportunities, and paid her less than other similarly situated non-African American employees. [*Id.* at 11-12]. She also alleges that FHC administered harsher disciplinary actions against her based on her age and race by suspending her for infractions that, when committed by younger and non-African American employees, were not punished. [*Id.* at 11-12, 15].

On September 10, 2025, Taylor filed her original complaint, asserting the following claims: racial discrimination in violation of Title VII of the Civil Rights Act, the Age Discrimination in Employment Act ("ADEA"), the Kentucky Civil Rights Act ("KCRA"), and the First Amendment to the United States Constitution (Count I); age discrimination in violation of the ADEA, the KCRA, and the First Amendment to the U.S. Constitution (Count II); wrongful discharge based on Taylor's race and age (Count III); civil conspiracy (Count IV);  intentional infliction of emotional distress (Count V); vicarious liability (Count VI); breach of the implied covenant of good faith and fair dealing (Count VII); workplace harassment (Count VIII); whistleblower retaliation (Count IX); and breach of contract (X). [*Id.* at 13-29]. Though not clearly spelled out in the complaint, Taylor appears to assert all Counts against FHC; Counts I-V and Counts VII-IX against the FHC employees; Counts IV, V, VII, and X against CHC and Cavanaugh; and Count VI against LMPHW and LMCSB.

In response, Defendants FHC and LMCSB filed answers to the complaint. [DE 5; DE 10]. The FHC employees moved to dismiss for failure to state a claim under Rule 12(b)(6). [DE 6]. They argue that Counts I-III, VII, and IX fail to state a claim because individuals cannot be liable for violations of the statutes that Taylor cites and because the complaint "lacks sufficient factual enhancement as to the FHC Employees to entitle Plaintiff to relief." [*Id.* at 79-80]. They contend that Count V for intentional infliction of emotional distress ("IIED") also fails as preempted by Taylor's KCRA claim and because Taylor does not allege the requisite elements for IIED. [*Id.* at 80]. Finally, they argue that Count VII fails because Taylor failed to allege the existence of a contract between her and the FHC employees, while Count IV fails because none of the underlying tort claims that would serve as the basis for civil conspiracy are viable. [*Id.*]. Defendants CHC and Cavanaugh likewise filed a Rule 12(b)(6) motion to dismiss, arguing that Taylor fails to allege facts connecting CHC or Cavanaugh to the alleged actions of FHC and therefore Counts IV, V, VII, and X must be dismissed with respect to those Defendants. [DE 7 at 99-100]. Finally, Defendant LMPHW filed its own Rule 12(b)(6) motion to dismiss, arguing that it cannot be vicariously liable for the actions of FHC because it does not have an employer-employee or agency relationship with FHC, nor is LMPHW an entity capable of being sued. [DE 9-1 at 128-29].

On November 6, 2025, Taylor both responded to the motions to dismiss [DE 14] and filed a motion for leave to amend the complaint. [DE 17]. Taylor's proposed amended complaint makes several changes and additions, including: (1) adding Louisville Metro Board of Health ("LMBH") as a Defendant and alleging that LMBH is vicariously liable for the acts of FHC [DE 17-2 at 178, 207]; (2) adding allegations that each of the FHC employees and Cavanaugh, while acting under color of law, "conspired to deprive African American, Black and over the age of 40 licensed behavioral health professional . . . of equal protection of the laws under 42 U.S.C.A. § 1983" and

"knowingly and intentionally deprived Taylor's rights secured by the Constitution or federal laws that caused injury to plaintiff with discriminatory intent and purpose" [*Id.* at 183-87]; (3) alleging that LMPHW was "obligated constitutionally to distribute money" from opioid settlement funds without fraud and dishonesty, and that FHC employee Davis "submitted fictitious and forging [sic] medication-assisted treatment program reports . . . between November 2024 to March 2025 involving Taylor" [*Id.* at 187-99]; (4) adding statutory authority for the claims asserted in Counts III, IV, VI, and VIII; (5) adding an "eleventh cause of action . . . for declaratory and injunctive relief" and alleging that FHC, through Davis, improperly distributed "opioid settlement funds" [DE 17-2 at 220-21]; (6) adding prayers for relief including declaratory and injunctive relief; and (7) adding various factual allegations about the FHC and CHC employees' actions. [*Id.* at 200, 202-10, 218-19].

Among the new factual allegations, she alleges under Count IV that she was not given notice of the charges against her or afforded an opportunity to respond prior to her termination. [*Id.* at 200]. She alleges under Count V that the FHC employees pranked her by failing to correct her belief that she was required to appear at work on the day of a snowstorm, causing her emotional distress. [*Id.* at 202]. She also alleges under Count V that CHC and FHC employees "falsely [told her] that her Medicare application was denied and that [she] did not meet her employment requirements . . . ." and that Egbert and Fulkerson "follow[ed] and stalk[ed] [her] during the work day," causing her emotional distress. [*Id.* at 205]. Under Count VI, she alleges that she was terminated after "refusing to participate in, or to remain silent about, illegal activities and public matters concerns involving Defendant Davis's alleged misconduct . . . ." [*Id.* at 208]. Under Counts VII and X, she alleges that she entered into an implied contract with CHC on October 25, 2024,

where CHC "served as plaintiff's certified provider credentialing specialist," whereby CHC "agreed to manage plaintiff's entire credentialing process . . . ." [*Id.* at 210, 218].

Generally, an amended complaint supersedes the original complaint, and renders moot any motions to dismiss the original complaint. *Crawford v. Tilley*, 15 F.4th 752, 759 (6th Cir. 2021); *see also Hall v. Traditional Sporting Goods, Inc.*, No. 3:23-CV-00088-GFVT, 2024 WL 3455250, at *1 (E.D. Ky. Jan. 30, 2024) (granting plaintiff leave to file amended complaint and denying as moot defendants' motions to dismiss the original complaint); *Hawley v. Neyra Motor Cars, LLC*, No. 1:20-CV-681, 2021 WL 1267276, at *2 (S.D. Ohio Apr. 6, 2021) (same). Accordingly, a district court "first should consider a pending motion to amend before dismissing a complaint." *Rice v. Karsch*, 154 F. App'x 454, 465 (6th Cir. 2005) (citing *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)). The Court will therefore first consider whether to grant Taylor leave to amend her complaint and then turn to Defendants' motions to dismiss.

## II.    STANDARD

When, as here, more than 21 days have passed since service of a motion under Rule 12(b), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(2)(2). "The court should freely give leave [to amend] when justice so requires." *Id.* Leave to amend "should normally be granted unless there is some 'apparent or declared reason' to not allow the amendment." *Marx v. Centran Corp.*, 747 F.2d 1536, 1550 (6th Cir. 1984) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). That is, the Court should grant leave to amend unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman*, 371 U.S. at 182. "The grant or denial of leave to amend is within the discretion of the trial court, and

review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983)).

Further, "[d]istrict courts have a responsibility to construe pro se complaints liberally and to allow ample opportunity for amending the complaint when it appears that the pro se litigant would be able to state a meritorious claim." *McCallum v. Gilless*, 38 F. App'x 213, 216 (6th Cir. 2002).

## III.    DISCUSSION

### A.    Motion to Amend the Complaint

Taylor argues that leave to amend the complaint should be granted because her request was filed without undue delay or bad faith and the amendment will not unduly prejudice Defendants. [DE 17-1 at 175]. She contends that she seeks to file the amended complaint "to correct errors, add one new cause of action and one new defendant, and address any legal errors." [*Id.*]. Moreover, she states that she "requests leave to amend to correct any deficiencies and an opportunity to amend prior to dismissal of action." [*Id.*]. Defendants filed no response to Taylor's motion for leave to amend.

#### 1.    Undue Delay

First, there is no evidence of undue delay in filing the motion to amend the complaint. Taylor filed her original complaint on September 10, 2025 and filed the motion to amend the complaint only two months later, on November 11, 2025. [DE 1; DE 17]. Moreover, the Court has not yet issued a scheduling order, and no discovery has been conducted. These circumstances do not suggest undue delay. *See Mersen USA - Midland-MI Inc. v. Graphite Machining Servs. & Innovations*, LLC, No. 12-10961, 2012 WL 3060922, at *2 (E.D. Mich. July 26, 2012) ("Undue

delay is typically found where years have passed, discovery has been substantially conducted, and dispositive motion deadlines have passed.").

### 2.    Bad Faith or Dilatory Motive

There is likewise no evidence of bad faith or dilatory motive on Taylor's part. Taylor states that she seeks to amend her complaint to correct deficiencies and errors in the original complaint [DE 17-1 at 175], and Defendants have not attempted to argue that such an alternative motive exists. *See White v. Emergency Med. Billing & Coding Co.*, No. 11-14207, 2013 WL 4551919, at *4 (E.D. Mich. Aug. 28, 2013) ("Defendants have the burden of showing that the amendment is sought in bad faith, that it is futile, or that it would cause substantial prejudice, undue delay or injustice." (quoting *Smith v. Chrysler Corp.*, 938 F. Supp. 1406, 1412 (S.D. Ind. 1996))).

### 3.    Repeated Failure to Cure Deficiencies

Because this is Taylor's first attempt to amend the complaint, she has not repeatedly failed to cure deficiencies in her complaint. *See Foman,* 371 U.S. at 182 (noting that denial of leave to amend may be appropriate where there is "repeated failure to cure deficiencies by amendments previously allowed").

### 4.    Undue Prejudice

"In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction." *Phelps v. McClellan*, 30 F.3d 658, 662–63 (6th Cir. 1994). Typically, an amended complaint is deemed prejudicial if injustice will result to the opposing party should the motion be granted. *See* 6 Charles Alan Wright and

7

Arthur Miller, Fed. Prac. & Proc. Civ. § 1487 (3d ed. 2019). For example, a court may deny leave to amend if

> the amendment substantially changes the theory on which the case has been proceeding and is proposed late enough so that the opponent would be required to engage in significant new preparation . . . [or] if the court determines that the proposed amendment would result in . . . added expense and the burden of a more complicated and lengthy trial.

*Id.* Here, where the case is in its early stages and no discovery has been conducted, granting leave to amend would not substantially prejudice Defendants. Amendment would not require Defendants to engage in significant new trial preparation, for instance, given that Defendants have only filed motions to dismiss at this point. Nor does the amended complaint change the underlying theory on which the case has been proceeding, Instead, it merely adds factual allegations and additional statutory authority for the claims Taylor attempted to assert in her original complaint. Accordingly, allowing Taylor to file the amended complaint would not cause undue prejudice to Defendants.

     5.   <u>Futility of Amendment</u>

     A proposed amendment is futile "if the [claim, even with the] amendment[,] could not withstand a Rule 12(b)(6) motion to dismiss." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Foman*, 371 U.S. at 182); *see also Midkiff v. Adams Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (denying leave to amend when the proposed amended pleading consisted of conclusory allegations without factual support). "If a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." 6 Arthur R. Miller, Mary Kay Kane, and A. Benjamin Spencer, Federal Practice and Procedure § 1487 (3d ed.) (emphasis added). The burden is on the party opposing amendment to show that amendment would be futile. *See Williams v. Barton Malow Co.*, 581 F. Supp. 3d 923, 928 (N.D. Ohio 2022) (finding that defendants' failure

to "provide any legal authority in support of their position" that amendment would be futile was "fatal" to their opposition).

As an initial matter, Defendants have not opposed Taylor's motion for leave to amend the complaint and thus have not met the burden to show that amendment would be futile. Other courts have granted motions to amend when defendants have failed to meet this burden. *See, e.g.*, *White*, 2013 WL 4551919, at *4; *Runser v. City of Dayton*, No. 3:21-CV-160, 2021 WL 5630735, at *2 (S.D. Ohio Dec. 1, 2021); *see also Bergner v. Derr*, No. 3:19-CV-593-RGJ, 2020 WL 4736470, at *4 (W.D. Ky. Aug. 14, 2020) (noting that defendant failed to argue that a specific claim was futile and declining "to [make the argument] for her").

Moreover, Taylor has added several allegations aimed at addressing the arguments made in Defendants' motions to dismiss. For instance, the FHC employees argue in their motion to dismiss that Taylor's original complaint "cites no statutory authority for support" under Counts III, VIII, and IX. [DE 6 at 84]. They also argue that to the extent that Counts I-III, VIII, and IX rely on Title VII, the ADEA, the KCRA, or KRS 216B.165, the claims must fail because those statutes do not provide for individual liability. [*Id.* at 85]. The amended complaint attempts to correct this by adding 42 U.S.C. § 1983 as a basis for individual liability. [DE 17-2 at 194]. Similarly, the FHC employees argue that Taylor failed to plead the elements of an intentional infliction of emotional distress claim. [DE 6 at 88]. Again, Taylor attempts to correct this in the amended complaint by alleging that Defendants' purported conduct rises to the level of "outrageous" and by alleging that she suffered emotional distress. [DE 17-2 at 202-04]. The CHC employees, in their motion to dismiss, argue that Taylor cannot succeed on Count VII of her original complaint because she failed to allege the existence of a contract between her and CHC.

[DE 7 at 107]. Once again, the amended complaint attempts to correct this deficiency by alleging that an implied contract existed between Taylor and CHC. [DE 17-2 at 210].

In short, it is not immediately obvious at this juncture that Taylor's amended complaint would fail to survive a motion to dismiss. *See Runser*, 2021 WL 5630735, at *2 (granting motion for leave to amend complaint when it was "unclear based on submissions to the Court whether Plaintiff may have a viable cause of action" and defendant had not met his burden of establishing that the amendment would be futile); *Galloway v. Chesapeake Union Exempted Vill. Schs. Bd. of Educ.*, No. 1:11-CV-850, 2012 WL 1552767, at *1 (S.D. Ohio May 1, 2012) (granting leave to amend when proposed amended complaint largely attempted to address the issues raised in the motions to dismiss and raised additional factual allegations). Given that Taylor's amended complaint attempts to correct the deficiencies in her original complaint, it would be more appropriate for the Court to allow the parties to submit renewed briefing on the amended complaint than to decide the merits of the amended complaint at this stage, without any input from Defendants. In fact, "many courts, for reasons of practicality, decline to engage in futility analysis at the motion to amend phase and opt instead to assess questions of plausibility later when ruling on the motion to dismiss." *Restocon Corp. v. Metro. Knoxville Airport Auth.*, No. 3:23-CV-142, 2023 WL 6614416, at *2 (E.D. Tenn. Aug. 25, 2023); *see also Bucciarelli v. Nationwide Mut. Ins. Co.*, 662 F. Supp. 2d 809, 814 (E.D. Mich. 2009) ("This Court does not read [Sixth Circuit case law] as requiring the Court to determine futility before it grants a motion to amend the complaint, but rather as stating that futility is a permissible basis for denying a motion to amend."). That is, recognizing that the futility analysis overlaps with the 12(b)(6) motion to dismiss analysis, courts often postpone the analysis until after the amended complaint has been filed. *See Restocon Corp.*, 2023 WL 6614416, at *2 ("Defendant's futility arguments largely track those it raised in its Motion

to Dismiss the First Complaint. Such arguments are more appropriate for resolution after Plaintiff files its First Amended Complaint." (citation omitted)).

Given that Defendants have not filed any opposition to Taylor's motion to amend the complaint and that the CHC Defendants stated that they intend to move to dismiss the amended complaint if Taylor's motion is granted, the Court finds that it would be more practical to assess the merits of the amended complaint after it has been filed and after Defendants have filed any renewed motions to dismiss. Accordingly, and given that all other factors support granting leave to amend, the court will grant Taylor's motion for leave to file an amended complaint.

**B.    Motions to Dismiss**

As a general matter, an "amended complaint supersedes the original complaint, thus making the motion to dismiss the original complaint moot." *Kentucky Press Ass'n, Inc. v. Kentucky*, 355 F. Supp. 2d 853, 857 (E.D. Ky. 2005) (citing *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000). However, in the "rare case . . . where the amended complaint is 'substantially identical to the original complaint,' . . . a properly filed amended complaint [may] be insufficient to moot the motion to dismiss." *Mandali v. Clark*, No. 2:13-CV-1210, 2014 WL 5089423, at *2 (S.D. Ohio Oct. 9, 2014) (quoting *Greater Cincinnati Coal. for Homeless v. City of Cincinnati*, No. C-1-08-603, 2009 WL 3029661, at *4 (S.D. Ohio Sept. 16, 2009)). For example, "when an amended complaint 'only addresses a discrete issue, it may not moot the underlying motion to dismiss.'" *Id.* (quoting *Greater Cincinnati Coal. for Homeless*, 2009 WL 3029661, at *4).

In this case, the amended complaint adds several factual allegations, clarifies the legal theories under which Taylor seeks relief, and adds the specific elements for several causes of action that were absent from Taylor's original complaint. This is, therefore, far from the "rare case" where

11

the amended complaint is substantially identical to the original. *Id*; *cf. Green v. Mason*, 504 F. Supp. 3d 813, 826 (S.D. Ohio 2020) (finding that amended complaint was substantially identical to original complaint when plaintiff "merely flesh[ed] out in a little greater detail some of the allegations"); *Pleasant View Baptist Church v. Beshear*, No. 2:20-CV-00166, 2021 WL 4496386, at *3 (E.D. Ky. Sept. 30, 2021), *aff'd*, 78 F.4th 286 (6th Cir. 2023) (finding that the amended complaint did not moot the motion to dismiss when plaintiff's motion to amend was merely "a trimmed-down version of the original complaint" and the court could easily apply the existing motion to dismiss to the amended complaint); *Yates v. Applied Performance Techs., Inc.*, 205 F.R.D. 497, 499 (S.D. Ohio 2002) (applying defendants' original motion to dismiss to amended complaint when the amended complaint "did not attempt to cure the defect alleged in the original motion to dismiss," and merely "designated three additional plaintiffs").

Moreover, courts often find that pending motions to dismiss become moot when the plaintiff's amended complaint attempts to address the deficiencies noted in the motions to dismiss. *See, e.g.*, *Stepp v. Alibaba.com, Inc.*, No. 3:16-CV-00389, 2016 WL 5844097, at *2 (W.D. Ky. Oct. 4, 2016) ("[W]hen the court grants leave to amend the complaint, a motion to dismiss the original complaint will be denied as moot if the amended complaint adequately addresses the grounds for dismissal."); *Hall*, 2024 WL 3455250, at *1 ("The motions to dismiss claimed that the complaint should be dismissed on grounds including jurisdiction and failure to state a claim. Perhaps the amended complaint clarifies some of these matters. Or perhaps not. It is the Defendants' task to review the new allegations and decide, in the first instance, whether the amended complaint warrants any alterations to their motions to dismiss." (citations omitted)); *Mandali*, 2014 WL 5089423, at *2 (finding that plaintiff's amended complaint was not "substantially identical" to the original complaint because it "specifically addresse[d] the issues

12

raised in Defendants' motion to dismiss" and thus that defendants' motion to dismiss was moot). As explained above, Taylor has attempted to address the deficiencies of her original complaint noted by Defendants in their motions to dismiss. As a result, the Court will find that Defendants' original motions to dismiss are moot and allow Defendants to submit new motions to dismiss addressing the arguments in Taylor's amended complaint.

### IV.    CONCLUSION

Accordingly, for the reasons above, it is **ORDERED** that Taylor's motion for leave to file an amended complaint [DE 17] is **GRANTED**. It is further **ORDERED** that Defendants' motions to dismiss [DE 6; DE 7; DE 9] are **DENIED AS MOOT**.

Rebecca Grady Jennings, District Judge
United States District Court

January 12, 2026